USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/8/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP BLACKWOOD,

                Plaintiff,

-against-

OFFICER ANTHONY OMORVAN, OFFICER HINCKLEY, and JOSE RAVINA,

                Defendants.

16-CV-00644 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Phillip Blackwood ("Plaintiff" or "Blackwood") commenced this action, pursuant to 42 U.S.C. § 1983, against Defendants, White Plains Police Department officers Anthony Omorvan ("Omorvan") and Tyler Hinckley ("Hinckley") and White Plains Hospital ("WPH") Security Officer Jose Ravina ("Ravina"). Now before the Court is Defendant Ravina's motion to dismiss the Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) as against him. For the following reasons, Defendant Ravina's motion is GRANTED.

## BACKGROUND

Plaintiff commenced this action on or about January 28, 2016 by filing the Initial Complaint. (ECF No. 2.) The Initial Complaint asserted claims against White Plains ("WP") Police Officers, Westchester County, Judge Barbara Zambelli, and the DA (presumably the Westchester District Attorney). Plaintiff's claims involved an incident which purportedly occurred on or about June 7, 2014 at the White Plains Hospital ("WPH"). On April 25, 2016, Plaintiff filed an Amended Complaint wherein he asserted similar claims against the WP Police Officers and asserted new claims against the WP Legal Aid Society. (ECF No. 7.) Neither iteration of the complaint identified Defendant Ravina as a defendant directly or indirectly by use of the place

1

Copies mailed/faxed 2/8/2018
Chambers of Nelson S. Román, U.S.D.J.

holder "John Doe Security Guard." On August 24, 2016, Plaintiff filed the SAC wherein he asserted new claims against Defendant Ravina, formerly a security officer at the WPH, and WP Police Officers Omorvan and Hinckley. (ECF No. 9, "SAC".) The SAC is deemed the operative complaint.

In the SAC, Plaintiff alleges that on June 7, 2014, while located in the WPH, Defendant Ravina, a security officer, approached Plaintiff and directed or ordered him into "the room." (*See* SAC at 4.) Immediately thereafter, Defendant Ravina shoved him in the chest, provoking him. (*Id.*) Plaintiff asserts he then encountered two WP Police Officers. (*Id.*) After describing his interaction with the police, he additionally describes Defendant Ravina as the security guard who "put his hands on" Plaintiff. (*Id.*) No other acts are attributed to Defendant Ravina. (*See generally id.*) In the pleading, Plaintiff again suggested that following the incident, he was arrested, prosecuted, and convicted of a felony.[1] (*Id.* at 5.)

## DISCUSSION

### I. Motion to Dismiss Legal Standard

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at

---

[1] Plaintiff alleges "[m]y life is ruined, I will not be able to get a job with another felony." This suggests to the Court that he was arrested, prosecuted, and convicted as a result of the incident.

2

555). It is not necessary for the complaint to assert "detailed factual allegations," but it must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12CV6718(CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest.'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[E]ven after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## II. Section 1983

"To recover under § 1983 [Plaintiff] must prove two separate and independent elements: first, that [Defendant] subjected her to the deprivation of a right 'secured by the Constitution and laws'; and, second, that while doing so [Defendant] acted under color of a statute, ordinance,

3

regulation, custom, or usage of the [state]." *Adickes v. S.H. Kress & Co*, 398 U.S. 144, 188-89 (1970). Reading the Complaint liberally, as the Court is required to do, it cannot be said that Defendant Ravina was acting under color of law. A private security officer's detention of an alleged perpetrator of a crime which results in the perpetrator's arrest has been deemed a situation in which a security guard is not "acting as an agent or instrument of the government," and thus not acting under color of law. *See United States v. Abney*, No. 03CR60(JGK), 2003 WL 22047842, at *5 (S.D.N.Y. Aug. 29, 2003), *aff'd* 109 F. App'x 472 (2d Cir. 2004).

"For a private individual or entity to be deemed to have been acting under color of state law the allegedly unconstitutional conduct of which plaintiff complains must be 'fairly attributable to the state.'" *Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) (quoting *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003)) (internal quotations omitted), *cert. denied* 539 U.S. 942 (2003). The only conduct Defendant Ravina is alleged to have committed is shoving Plaintiff. (*See* SAC at 4.) The SAC is devoid of any allegation wherein the government participated in Defendant Ravina's conduct or that the government was controlling Defendant Ravina's conduct. Accordingly, Plaintiff fails to assert a plausible Section 1983 claim against Ravina.

To the extent Plaintiff asserts causes of action for false arrest, malicious prosecution, assault and battery, the complaint also fails.

**A. False Arrest**

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Here, Plaintiff's SAC indicates that he was arrested, prosecuted

and convicted. Therefore, there was probable cause to effectuate the arrest.

### B. Malicious Prosecution

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations omitted). "To state a claim under New York law for the tort of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). "Probable cause is an absolute defense to a malicious prosecution claim under New York law." *Kilburn v. Village of Saranac Lake*, 413 F. App'x 362, 364 (2d Cir. 2011). Having previously determined the existence of probable cause, the claim must be dismissed.

### C. Assault and Battery

An assault is defined as "an intentional placing of another person in fear of imminent harmful or offensive contact. *United Nat. Ins. Co. v. Waterfront New York Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993). A battery is defined as "an intentional wrongful physical contact with another person without consent." *United Nat. Ins. Co. v. Waterfront New York Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (citing *Hernandez v. Lattimore*, 612 F.2d 61, 67 (2d Cir. 1979)) (internal citations omitted). In New York, the statute of limitations for assault and battery is one year.[2] *See* C.P.L.R. § 215(3). Plaintiff's allegations of misconduct occurred on June 7, 2014. The Initial Complaint was filed on January 28, 2016 and the SAC was filed on August 24, 2016. It is

---

[2] The statute of limitations for malicious prosecution is also one year. *See* C.P.L.R. § 215(3).

in the SAC that Plaintiff, for the first time, asserts claims against Defendant Ravina. (*Compare* ECF Nos. 2,7 *with* SAC.) Since more than one year lapsed from the date of the incident to the filing of the Initial Complaint, alone, (and even longer until the filing of the SAC), the claims for assault and battery must be dismissed as time barred.

This Court need not consider whether the relation-back doctrine applies, since, to the extent Plaintiff asserted state law claims for assault and battery in the Initial Complaint, they were asserted well outside of the prescribed statute of limitations period, approximately 18 months after the alleged illegal conduct occurred. (*See* ECF No. 2.) Further, Defendant Ravina was not even identified as a Defendant, even as a John Doe, until the SAC was filed on August 24, 2016, over two years after the alleged illegal conduct occurred.

## CONCLUSION

Based on the foregoing, Defendant Ravina's motion to dismiss is GRANTED and Plaintiff's SAC is dismissed with prejudice, as Plaintiff has had ample opportunity to allege cognizable claims. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 43 and to terminate the action as against Defendant Ravina. This constitutes the Court's Opinion and Order.

Dated: February 8, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge